# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

LJM OF FLORIDA, LLC,                   CASE #   6:13-CV-1694-ORL-28-KRS
a Delaware Limited Liability Company,

    Plaintiff,

    v.

ENOVA ENERGY HOLDINGS, LLC, ENOVA
ENERGY GROUP, LLC, ENOVA PA, LLC,
Georgia Limited Liability Companies, WILLIAM D.
BRUNSTAD and ZACHARY STEELE,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES & OTHER RELIEF

Plaintiff sues Defendants and states:

1. Plaintiff is a Delaware limited liability company with its principal place of business in Orange County, Florida. Plaintiff's members are citizens of the state of Florida, residing in the middle district of Florida.

2. Defendant, Enova PA, LLC is a Georgia Limited Liability Company whose members are citizens of the state of Georgia.

3. Defendant, Enova Energy Holdings, LLC is a Georgia Limited Liability Company whose members are citizens of the state of Georgia.

4. Defendant, Enova Energy Group, LLC was a Georgia Limited Liability Company, which may have been converted to a Delaware LLC, whose members are citizens of the state of Georgia.

5. William D. "Bill" Brunstad is a resident of the state of Georgia and believed to be a resident of the Georgia State Bar.

6. Zachary Steele is a resident of the state of Georgia and/or New York.

7. Venue for this suit lies in Orange County, Florida, where payment under the parties' agreements is due and the agreements were entered into by Plaintiff.

8. All conditions precedent to this action, including Plaintiff's performance under the parties' agreements, demands for payment and notice of default have occurred or have been waived.

## COUNT I
## BREACH OF CONTRACT – ENOVA PA, LLC

9. This is an action for damages in excess of $75,000 for breach of contract within the jurisdiction of this Court.

10. Paragraphs 1, 2, 7 and 8 are incorporated by reference.

11. On 12/29/2011, Enova PA, LLC ("Enova PA") and Plaintiff executed an agreement in Orange County, Florida ("Enova PA Agreement"). A copy of the email transmittal including the agreement (the "Enova PA Agreement") is attached as Exhibit "A."

12. Exhibit "A" was proposed to compensate Plaintiff and remove Plaintiff from various projects described in Exhibit "B," in which Plaintiff would otherwise have an interest.

13. Representatives of the Defendants met with Plaintiff's representative in Orlando, Florida, as indicated in Exhibit "A," to tender an initial payment pursuant to the Enova PA Agreement.

14. Enova PA failed to make the payment that was due 01/29/12 in Orlando, Florida and reneged on subsequent promises to make payment of sums due under the Enova PA Agreement.

15. Enova PA failed and refused to make payment in accordance with the Enova PA Agreement thereafter, leaving the sum of $1,450,000 plus interest past due and owing.

16. Plaintiff repeatedly demanded payment from Enova PA; however, no additional payment has been made.

17. Enova PA breached the Enova PA Agreement in failing to tender payment.

18. As a result of Enova PA's breach, Plaintiff has suffered damages for which Enova PA is liable.

19. Plaintiff is entitled to recover the principal balance due, interest of $246,500 as of the date of the filing of this case and legal fees and costs (which are $5,000 through the filing of this action and ongoing), pursuant to applicable law.

WHEREFORE Plaintiff prays for entry of judgment in its favor and against Enova PA in the principal amount of $1,450,000 plus 12% interest since June 1, 2012, legal fees and costs and reserving jurisdiction to grant relief and set aside any transfers made with intent to defraud pursuant to N.Y. Debt. & Cred. Law § 276, 276-A.

## COUNT II
## BREACH OF CONTRACT – ENOVA ENERGY HOLDINGS, LLC

20. This is an action for breach of contract within this Court's jurisdiction with damages in excess of $75,000.

21. Paragraphs 1, 3, 7 and 8 are incorporated herein by reference.

22. On or about 02/14/12, Defendant, Enova Energy Holdings, LLC ("Enova Holdings"), entered into certain agreements with Plaintiff that required payment to be made in Orlando, Orange County, Florida to provide further security and effectuate the transfer contemplated by Exhibit A. A copy of the email transmittal with the parties' agreed-upon documents (the "Enova Holdings Agreements") is appended hereto as Composite Exhibit "C."

23. Pursuant to Exhibit C, Enova Holdings was to transmit payments to Plaintiff's office in Orange County, Florida; however, Enova Holdings has failed and refused to make payment in the amount of $1,450,000, the outstanding and past due balance owed to Plaintiff.

24. Enova Holdings' failure to make payment is a breach of the Enova Holdings Agreements; it has caused damage to Plaintiff for which Enova Holdings is liable.

4

Case 6:13-cv-01694-JA-KRS Document 1 Filed 10/31/13 Page 5 of 11 PageID 5

25. In addition, Enova Holdings is liable for interest, attorney's fees and costs in accordance with the Enova Holdings Agreements and applicable law.

26. Plaintiff is entitled to recover the principal balance due, interest of $246,500 as of the date of the filing of this case and legal fees and costs (which are $5,000 through the filing of this action and ongoing).

WHEREFORE Plaintiff prays for entry of judgment in the principal amount of $1,450,000 against Enova Holdings, plus interest, attorney's fees and costs.

## COUNT III
## FORECLOSURE ON SECURITY INTEREST - ENOVA HOLDINGS, LLC & ENOVA ENERGY GROUP, LLC

27. This is an action to foreclose a security agreement that exceeds $75,000 withint the jurisdiction of this Court.

28. Paragraphs 1 through 4, 7, 8 and 22 are restated herein.

29. Enova Holdings entered into a security agreement securing payment of a note to Plaintiff, under which agreement the Defendants partially performed. Copies are attached with an email transmittal from Bill Brunstad, a member in and principal representative of all Enova entities named herein, as Composite Exhibit C.

30. In December 2011, a letter of intent ("LOI") was executed by Zachary Steele on behalf of Enova Energy Group, LLC ("EEG"), a copy of which is appended and incorporated as Exhibit "D." The LOI resulted in the note and security agreement.

31. In exchange for $3,000,000, EEG and its affiliates sought to purchase the Plaintiff's interest in Liberty and various projects described in Exhibit B, including, but not limited to, a Plainfield, CT 3.7.5MWh power plant that was contemplated and has been developed.

32. As further assurance, EEG executed and provided to Plaintiff the "Confidentiality and Non Circumvention Agreement" attached and incorporated as Exhibit "E."

33. Further to the LOI, EEG also countersigned the note and security agreement (Composite Exhibit C).

34. Pursuant to the security agreement and note, Enova Holdings and EEG performed in part, removing the agreement from the statute of frauds by making periodic payments to Plaintiff.

35. However, Enova Holdings and Enova Energy Group defaulted on the security agreement and note, leaving unpaid the balance of $1,450,000, representing a 43% interest in Enova Holdings held by Plaintiff pursuant to the security agreement.

36. Plaintiff owns and holds the note and security agreement.

37. The property that is security is now owned by Defendants who hold possession.[1]

38. Enova Holdings and EEG defaulted under the note and security agreement by failing to pay the payment due as of June 2012 and all subsequent payments.

---

[1] It is noted, in Exhibit "G" hereto, Defendant-Brunstad suggests possible further transfer of the assets. Pending confirmation, Plaintiff reserves the right to add parties in possession and contemporaneously with the filing of this action, Plaintiff is putting parties referred to by Defendants on notice of its claims.

39. Plaintiff has previously declared the full amount payable under the note and security agreement to be due and the deadline for payment in full has passed.

40. Defendants Enova Holdings and EEG owe Plaintiff $1,450,000 that is due on principal on the note and security agreement, plus prejudgment interest from 06/01/12, which amounts to $246,500 as of the filing of this action.

41. Plaintiff is obligated to pay counsel a reasonable fee for the attorney's services, which amount is $5,000 as of the date of filing of this action and will continue to accrue in the future. Defendants are liable for Plaintiff's attorney's fees in accordance with the parties' agreements and applicable law.

WHEREFORE Plaintiff demands judgment foreclosing the security agreement and, if the proceeds of the sale are insufficient to pay Plaintiff's claim, entry of a deficiency judgment against Defendants, jointly and severally, including an award of interest, attorney's fees and costs.

### COUNT IV
### BREACH OF CONFIDENTIALITY & NON CIRCUMVENTION AGREEMENT - EEG

42. This is an action for breach of the Confidentiality & Non Circumvention Agreement within the jurisdiction of this Court with damages in excess of $75,000.

43. Paragraphs 1, 4, 7, 8 and 32 are incorporated by reference.

44. Pursuant to the Confidentiality and Non Circumvention Agreement attached as Exhibit E, it was agreed that EEG would not exclude Plaintiff from the underlying

transaction or circumvent or bypass Plaintiff in any manner whatsoever for the purpose of avoiding payment of amounts due.

45. EEG has excluded Plaintiff from the development contemplated by the parties' agreements in breach of the Confidentiality and Non Circumvention Agreement with the intent of avoiding payment of amounts due Plaintiff. As a result, Plaintiff has suffered and continues to suffer damages for which EEG is liable.

46. In accordance with the LOI, Plaintiff is also entitled to equitable relief, including injunctive relief, restitution and specific performance.

47. Plaintiff has incurred attorney's fees for which EEG is liable pursuant to the parties' agreements and applicable law.

WHEREFORE, Plaintiff prays for judgment against EEG including damages and/or restitution, specific performance and/or other equitable relief.

## COUNT V
## FRAUDULENT INDUCEMENT – ZACHARY STEELE & BILL BRUNSTAD

48. This is an action for fraudulent inducement with damages in excess of $75,000 within the jurisdiction of this Court.

49. Paragraphs 1-8 are restated.

50. Beginning in the fall of 2011, Messrs. Steele and Brunstad were proponents of agreements whereby Plaintiff would convey its membership interest in a Georgia Limited Liability Company known as Liberty Renewable Energy, LLC ("Liberty")

8

to Enova PA, which was Liberty's managing member. See Exhibits A through E, incorporated by reference.

51. Messrs. Steele and Brunstad repeatedly forwarded communications to Plaintiff and Plaintiff's representatives in Florida, with the intent of inducing Plaintiff to relinquish its interest in Liberty for the benefit of the Enova entities, and ultimately Steele and Brunstad as controlling members.

52. Mr. Brunstad drafted and emailed various agreements to effectuate the transfer of Plaintiff's interest to Plaintiff ostensibly acting in the capacity of a co-member in the Liberty interest sale transaction, without revealing that he was a licensed lawyer and member of the Georgia Bar.

53. In Composite Exhibit C, Mr. Brunstad is representing that signed agreements will be returned to Plaintiff upon execution, a false statement Mr. Brunstad made with the intent of inducing Plaintiff's signing of the documents.

54. Mr. Steele also coerced Plaintiff's signature, assuring he would be promptly forwarding fully executed documents, which Steele deliberately subsequently withheld with intent to defraud Plaintiff into signing agreements with the plan of depriving Plaintiff of fully executed copies for enforcement.

55. As a lawyer licensed to practice law in Georgia, Mr. Brunstad knew the importance of fully executed agreements; however, despite having made representations upon which Plaintiff reasonably relied in signing the agreements and conveying its

interest, Brunstad deliberately failed and refused to provide copies to Plaintiff or its representatives upon Defendants' execution.

56. Subsequently, Mr. Brunstad was asked to forward the fully executed documents and he refused to do so, demanding instead that Plaintiff supply the signed copies he had never furnished as promised.

57. During negotiation of the agreements to transfer Plaintiff's interest, Messrs. Steele and/or Brunstad, at various times, directed email and telephone and text communications to Plaintiff's representative in Florida wherein these Defendants assured Plaintiff that payment would be received by January 2012 if Plaintiff executed the agreement to relinquish its interest. Compare Exhibit "F," for example representing payment received from investors in January 2012 will be paid to Plaintiff to induce Plaintiff to sign the parties' agreements and Exhibit "G" dated 9/16/13, after Plaintiff transferred its interests, wherein Brunstad contends the property interests have been further transferred thereafter and payment to Plaintiff is to be made by a third-party and may or may not be forthcoming.

58. At all times, Plaintiff reasonably relied on the representations of Defendants Steele and Brunstad in signing the agreements; however, they were knowingly false, made with intent to defraud Plaintiff of his interests in the subject property without compensation.

59. As a result of the fraudulent inducements of Defendants Steele and Brunstad, Plaintiff entered into the agreements to transfer its interest in Liberty, which was valued in excess of $3,000,000.

60. But for the fraudulent inducements of these Defendants upon which Plaintiff reasonably relied, Plaintiff would not have entered into the agreements and would not have suffered the damages, including consequential damages, claimed herein.

61. Therefore, Defendants are liable for all damages, interest, attorney's fees and costs suffered as a consequence of Defendants' fraud.

WHEREFORE, Plaintiff prays for an award of damages, including consequential damages, interest, attorney's fees and costs against Defendants Bill Brunstad and Zachary Steele, jointly and severally.

_____
Rosemary Hanna Hayes, B.C.S.
Florida Bar no. 549509
HAYES LAW, PL
830 Lucerne Terrace
Orlando, FL 32801
rhayes@const-law.com
Tel. (407) 649-9974 ext. 214
Fax (407) 649-9379

**COUNSEL FOR PLAINTIFF**